Minnie F. Lasker v. Commissioner.
Lasker v. Commissioner
Docket No. 24229.
United States Tax Court
1952 Tax Ct. Memo LEXIS 347; 11 T.C.M. (CCH) 50; T.C.M. (RIA) 52012; January 23, 1952
*347 Petitioner, president and principal stockholder of a corporation, authorized and approved the distribution of $3,750 of corporate funds to her married daughter, who was neither a stockholder nor an employee of the corporation and had no claim against it. Petitioner's son, a vice-president and general manager of the corporation, suggested the making of such disbursements to his sister in order to prevent possible family disputes and discord. Respondent determined that the disbursement was, in effect, a dividend distribution to petitioner. Held, petitioner constructively received as a taxable dividend the $3,750 distributed to her daughter. E. Charles Eichenbaum, Esq., Boyle Bldg., Little Rock, Ark., for the petitioner. John W. Alexander, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This case involves a deficiency in income tax for the taxable year 1946 in the amount of $2,178.12. The issue is whether petitioner constructively received a taxable dividend by virtue of the payment of $3,750 to her daughter by a corporation in which the petitioner was the principal stockholder. Findings of Fact Petitioner, a resident of Little Rock, *348 Arkansas, filed her income tax return for the taxable year 1946 with the collector of internal revenue for the district of Arkansas. Lasker's Imperial Laundry and Cleaners is a corporation (hereinafter referred to as corporation), organized on or about August 1, 1929, under the laws of the State of Arkansas with its principal place of business in Little Rock. The business operated by the corporation was originally owned by petitioner's husband, which, upon his death, was incorporated. Petitioner has been president of the corporation since its organization, owns slightly over 900 shares of the approximately 1,000 shares of common stock issued, and also owns preferred stock in the corporation. A few shares of the common stock are owned by the corporation and held as treasury stock. Myron B. Lasker, petitioner's son, is vice-president and general manager of the corporation. Alice L. Back is petitioner's daughter and Myron B. Lasker's sister. She owned no stock in, was not an employee of, and rendered no service to the corporation during 1946. The corporation issued checks in the total amount of $3,750 to Alice L. Back in 1946. The payments were charged as an "administrative expense" *349 on the corporation's books of account, but were treated as a nondeductible expense item on the income tax return of the corporation for 1946. The practice of making payments to Alice L. Back began in 1946. The corporation's checks to Alice L. Back were issued at the direction and request of Myron B. Lasker. The latter felt that the business would benefit by his sister drawing some money from it, and that it would avoid a family problem and prevent a family dispute. He did not want any family disturbances or interruptions to affect what he considered normal business operations. He discussed his action with petitioner and another corporate director, Emmet Morris, both of whom approved. For the calendar year 1946, Alice L. Back and her husband, Phillip G. Back, filed an income tax return upon which they reported their occupation as advertisers, and their total income as $7,654.97. No income was reported on such return as having been received from the corporation. Phillip G. Back was an employee of the corporation from about 1934 to 1944 serving as manager of the dry-cleaning department, handling advertising, and assisting Myron B. Lasker in the management of the business. Petitioner *350 is approximately 75 years of age. She did not testify at the hearing, nor did her daughter, Alice L. Back. Schedule M of the corporation's income tax return for 1946 shows that $7,000 in cash was distributed to stockholders during the calendar year 1946. The corporate tax return shows its officers and their compensation for 1946 as follows: Com-
Individual
Officer
pensation
Mrs. Minnie F. Lasker
President
$ 4,200.00
Myron B. Lasker
Vice-President
12,100.06
E. C. Binkley
Vice-President
7,250.16
Emmet Morris
Treasurer
1,200.00 The corporation reported a net income for 1946 of $38,345.43. For the calendar year 1946 Myron B. Lasker's income tax return reported no income received by way of dividends. The payment of $3,750 by the corporation to petitioner's daughter during 1946, pursuant to petitioner's approval thereof, constituted a dividend distribution to the petitioner. Opinion RICE, Judge: This case presents the unusual situation of corporate funds being disbursed to the president's daughter for no established business purpose of the corporation. The facts show that the recipient of the corporate funds was not an employee or a stockholder *351 of the corporation. They further show that she rendered no services to the corporation and, so far as this record is concerned, that she had no claim of any kind whatsoever against the corporation. The attempted justification for the disbursements revolves around the testimony of petitioner's son, a vice-president and the general manager of the corporation, but, according to his income tax return, not a stockholder therein. The son's explanation of the reasons for the payments to his sister, was that it would help the business by avoiding a family problem and preventing a family dispute. When pressed on cross-examination for more details, the witness refused to explain further, insisting that this was the solution to some undisclosed family problem and that, therefore, he directed the corporation to disburse its funds to his sister. Petitioner contends that the $3,750 payment was without instigation of, or benefit to, her. This contention ignores that portion of her son's testimony which states that he discussed the direction to issue the checks with her and Emmet Morris, the treasurer, and that both of them approved this disbursement of corporate funds to Alice L. Back. As president *352 and principal stockholder of the corporation, it was within petitioner's power to prevent this appropriation of corporate funds for non-corporate purposes. Instead, according to her son, she was "very well pleased" with his idea and approved it. Such action on her part constituted an adoption of his idea and an authorization and direction that it be carried out. It is established that petitioner owned in excess of 90 per cent of the corporation's common stock. It is also established that the corporation had a net income for 1946 in excess of $38,000, so that, if a dividend had been declared on the common stock, the principal portion thereof would have been distributed to petitioner. If, however, without the formalities of a declaration of dividend, she appropriated $3,750 of the corporation's earnings for her own personal use or to satisfy a personal obligation, the amount appropriated would be considered a dividend distribution to her. (C.A. 3, 1936); (C.A. 5, 1946). Here, petitioner did not appropriate corporate funds to her own use or to satisfy *353 any obligation to support her daughter, but she did approve the appropriation of corporate funds for the use and benefit of her daughter which, in effect, amounted to a direction that such appropriation be made because she controlled the corporation. She enjoyed the use of the $3,750 by authorizing and directing that her daughter be paid this sum out of corporate funds. Her enjoyment was the same as if she had given this sum directly to her daughter out of her own pocket. In our opinion the petitioner constructively received the $3,750 distributed to her daughter, and respondent correctly included that amount in petitioner's taxable income. Decision will be entered for the respondent.